Jay A. CAMMACK et al., Appellants,

v.

TRANS WORLD AIRLINES,
INC., Appellee.

Jay A. CAMMACK et al.,
Cross–Appellees,

v.

TRANS WORLD AIRLINES, INC.,
Cross–Appellant.

Nos. 80–1055, 80–1067.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Oct. 27, 1980.

Morris & Foust, Max W. Foust, G. Spencer Miller, argued, Ed. G. Dougherty, Kansas City, Mo., for appellants, Jay A. Cammack, Jerry Cammack, and Ranger Ins. Co.

J. Michael Cronan, argued, Jackson & Sherman, P. C., Kansas City, Mo., for Trans World Airlines, Inc.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and NANGLE, District Judge.*

PER CURIAM.

Jay A. Cammack and Jerry Cammack instituted this suit against Trans World Airlines, Inc. (TWA) on August 17, 1976, for the loss of a shipment of gold coins valued at $44,750. Ranger Insurance Company (Ranger), which reimbursed the Cammacks for their loss and thereafter became subrogated to their rights, was added as a party plaintiff.

By letter of April 19, 1974, TWA notified the plaintiffs/appellants that $50 was the extent of its carrier liability, the accompanying check stating that that amount was "in full settlement" of the claim. Consistent with 49 U.S.C. § 20(11), the tariff provision which governs this action provides that "[n]o carrier shall be liable * * * unless such action is brought within two years after the date written notice is given to the claimant that the carrier has disallowed the claim in whole or in part." Official Air Freight Rules Tariff No. 1–B, Rule No. 62(a).

The district court concluded that TWA's letter of April 19, 1974, constituted notice that the claim was disallowed. Because this lawsuit was not filed until August 17,

* The Honorable JOHN F. NANGLE, United States District Judge for the Eastern District of Missouri, sitting by designation.

1976, more than two years after the written notice of disallowance, the court held the claim time–barred. Summary judgment was entered in favor of plaintiffs, however, for the $50 which TWA had never disallowed.

We have examined the briefs and the record in this appeal, and appellants' arguments have been carefully considered. It is our conclusion that the district court's granting of summary judgment was appropriate in this case. Accordingly, we affirm on the basis of Judge Sachs' opinion of December 11, 1979, pursuant to Rule 14 of the Rules of this court.